IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIGAH J. PAULK,

    Plaintiff,

vs.                                Case No. 4:15cv195-MW/CAS

MIKE WOOD,
STEVE NORVILLE,
TODD E. MCKISSACK,
RETHA MILLER,
VILESHA MILLER,
and WILLIE PAULK,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed an amended civil rights complaint [hereinafter "complaint"] under 42 U.S.C. § 1983. Doc. 13. That version of the complaint has been reviewed as required by 28 U.S.C. § 1915A. Review of the complaint reveals it is insufficient and cannot proceed as filed.

    Plaintiff's complaint does not clearly explain the basis for Plaintiff's claims. Plaintiff does not provide a statement of facts which state what happened to him, what each Defendant did or failed to do that Plaintiff believes violates his constitutional rights. Instead, Plaintiff presents conclusory assertions that are unexplained. For example,

Plaintiff contends that there has been a miscarriage of justice, obstruction of justice, and "misconduct," but Plaintiff does not explain any basis for reaching those legal conclusions. Plaintiff makes the conclusory assertion that there was a "breach in chain of custody," but there is no statement explaining what evidence was taken into custody, how it was transferred, when it was transferred, or who is responsible for custody of the unspecified evidence. Plaintiff's statement of fact does not provide sufficient basis to assert a claim against Defendants Wood or Norville.

Plaintiff has named six Defendants in this case, three of whom are employed by the Leon County Sheriff's Office, but Plaintiff does not clearly assert what each Defendant did or failed to do. Plaintiff may not broadly allege that Larry Campbell[1] and Mike Wood did not "conduct a proper investigation." There is no constitutional right to have law enforcement conduct an investigation. Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding there is no due process right to an investigation that plaintiff was subjected to excessive force by sheriff's deputies); Koger v. Florida, 130 F.App'x 327, 335 (11th Cir. 2005) (same). Plaintiff also does not have a constitutional rights for law enforcement "to explore and eliminate every theoretically plausible claim of innocence before making an arrest . . . ." Kingland v. City of Miami, 382 F.3d 1220, 1229 (11th Cir. 2004) (quoted in Smart v. City of Miami, No. 13-CIV-24354, 2015 WL 3409329, at *14 (S.D. Fla. May 27, 2015)). Plaintiff's complaint does not allege that any named Defendant conducted a biased investigation, refused to obtain easily discoverable facts, or falsified evidence. See Kingland, 382 F.3d at 1229-32. Plaintiff's complaint is insufficient as to his claims against the law enforcement officers.

---

[1] Larry Campbell is not named as a Defendant in this case.

In addition, Plaintiff named three persons as Defendants who do not appear to be "state actors" but private citizens. Retha Miller, Willie Paulk, and Vilesha Miller appear to be named as Defendants because they gave eye witness testimony which, construed liberally, Plaintiff contends is false. Doc. 13 at 7. Plaintiff is advised that private citizens are not transformed into "state actors" by giving testimony in open court in a criminal trial. Briscoe v. LaHue, 460 U.S. 325, 329-30, 103 S. Ct. 1108, 1112-13, 75 L. Ed. 2d 96 (1983). It is well established that such witnesses are entitled to absolute immunity from a § 1983 lawsuit. Briscoe, 460 U.S. at 334, 103 S. Ct. at 1115 (holding that police officers are also immune from suit under § 1983 so as not to undermine "their contribution to the judicial process" or the "effective performance of their" public duties.); see also Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Tillman v. Orange Cnty., Fla., 519 F. App'x 632, 636 (11th Cir. 2013) (citing Briscoe and noting that "[p]olice officers, like all witnesses, possess absolute immunity for their testimony at trial."); Hall v. Tallie, 597 F. App'x 1042, 1044 (11th Cir. 2015).

Plaintiff has not presented a valid basis for bringing claims against Defendants Retha Miller, Vilesha Miller, or Willie Paulk. Plaintiff is advised that to state a claim under § 1983, he "must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).

Plaintiff has not met either requirement. Plaintiff has not alleged specific facts which show that any of these three Defendants deprived him of a constitutional right, nor has Plaintiff shown that any of these Defendants took action "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." <u>Fadjo v. Coon</u>, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970)); *see* <u>Paisey v. Vitale In and For Broward Co.</u>, 807 F.2d 889, 892 (11th Cir. 1986); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). These Defendants are private persons. Plaintiff has not provided any factual allegations which provide a basis for determining that these private persons should be considered "state actors" under either the "compulsion test"); (2) the "public function test", or (3) the "nexus/joint action test". <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing <u>NBC, In c. v. Commc'n Workers of America</u>, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Absent such allegations, Plaintiff's complaint is insufficient to present a viable claim under § 1983 against Defendants Retha Miller, Vilesha Miller, and Willie Paulk.

 Finally, it does not appear that this case should go forward. Although Plaintiff's complaint is not a model of clarity and facts are not clearly alleged, it does appear that what Plaintiff seeks to accomplish through the filing of this case is to be exonerated. Doc. 13 at 8. Plaintiff states he is "seeking for exoneration and to be compensaded [sic] for false arrest, malicious prosecution [and] miscarriage of justice." *Id.* As Plaintiff was previously advised, he cannot use a civil rights case to challenge a criminal conviction.

Any such claims which challenge criminal proceedings which resulted in Plaintiff's conviction are barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In Heck v. Humphrey, the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  Heck, at 487, 114 S.Ct. at 2372.  This has been referred to as the "favorable termination" requirement.  See Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998).  Plaintiff presumably cannot demonstrate the favorable termination requirement because Plaintiff is currently incarcerated, having been arrested on January 17, 2013.  Doc. 13 at 10.

     The Heck bar is still applicable even if Plaintiff currently has outstanding criminal charges pending.  The rule of Heck v. Humphrey "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution."  Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004) (citing Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998)).  Where charges are currently outstanding against Plaintiff, he is unable to meet the favorable termination requirement.  Thus, because it appears that Plaintiff is seeking to use this case to be exonerated, and such claims are barred by Heck, this case should be dismissed.

     Accordingly, this case should be dismissed because Plaintiff's complaint is insufficient to demonstrate the violation of his constitutional rights and because any claim which challenges his arrest or criminal convictions are barred by Heck v. Humphrey.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by Heck v. Humphrey and because the allegations are insufficient to demonstrate the violation of Plaintiff's constitutional rights, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2015.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**